**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

UBANK, a Texas state-chartered
financial institution,

Plaintiff, CASE NO.: 1:25-cv-22594

v.

FORENSIC STAT LABORATORY INC., a
Florida Corporation, MADHUKAR SHARMA,
an individual, and
GIANCARLO GASPARINI, an individual

Defendants.
_____________________________________________/

## VERIFIED COMPLAINT

Plaintiff, UBank, a state-chartered financial institution under the laws of Texas ( "UBank" or "Lender"), by and through its undersigned counsel, files this Complaint against Defendants, Forensic Stat Laboratory Inc., a Florida Corporation ("Forensic Stat" or "Borrower"), Madhukar Sharma ("Sharma"), and Giancarlo Gasparini ("Gasparini").

## JURISDICTION AND PARTIES

1. Plaintiff, UBank, is a state-chartered financial institution under the laws of Texas, doing business in Florida. Therefore, UBank is a citizen of Texas.

2. Borrower is a Florida corporation with its principal place of business in Florida. Borrower conducts business throughout the state of Florida, including the Southern District of Florida.


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Ste. 510, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

3. Defendant, Madhukar Sharma, is a citizen of Florida who personally availed himself of this Court's jurisdiction by conducting substantial and continuous business activities within the Southern District of Florida. *See*, *e.g.,* p.1 of Sharma's Guaranty (as defined below).

4. Defendant, Giancarlo Gasparini, is a citizen of Florida residing and doing business in the Southern District of Florida. [1]

5. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a) because there is diversity of citizenship between Plaintiff and Defendants and (b) because this is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1). Specifically, venue of this action is proper in this Court because Gasparini resides in the Southern District of Florida and all Defendants are residents of Florida.

## GENERAL ALLEGATIONS

7. On March 10, 2022, Borrower executed a Revolving Promissory Note for a commercial line of credit number ending in 4137, with a principal amount of $2,000,000.00, as modified on March 10, 2023, by that certain Promissory Note (Commercial – Revolving Draw), as modified on August 10, 2023 by that certain Promissory Note (Commercial – Revolving Draw), and as modified on November 10, 2023 by that certain Promissory Note (Commercial – Revolving Draw) (collectively, "Original Note"). A true and correct copy of the Note is attached hereto as Composite **Exhibit "A."**

[1] Forensic Stat, Sharma, and Gasparini shall collectively be referred to as "Defendants." Sharma and Gasparini shall be collectively be referred to as "Guarantors".

8. On June 10, 2023, Borrower executed a Debt Modification Agreement in favor the Plaintiff, providing Borrower with a sixty (60) day extension ("Debt Modification"). A true and correct copy of the Debt Modification is attached hereto as Composite **Exhibit "B."**

9. On January 10, 2024, Borrower executed an Amended and Restated Commercial Loan Note in favor of Lender, further modifying the terms of the Note and extending the maturity date to January 10, 2028, amongst other things (the "Amended and Restated Note"). A true and correct copy of the Amended and Restated Note is attached hereto as Composite **Exhibit "B."**

10. On June 28, 2024, Borrower executed a Debt Modification Agreement modifying the Note and Amended and Restated Note, in favor of Plaintiff (the "Modified Note"). A true and correct copy of the Modified Note is attached hereto as **Exhibit "C."**[2]

11. On January 10, 2024, the Borrower and Guarantors executed certain Loan Agreement (Amended and Restated), in favor of Lender. A true and correct copy of the Loan Agreement is attached hereto as Composite **Exhibit "D."**

12. On March 10, 2022, Forensic Stat Laboratory executed a Security Agreement, as modified on November 10, 2023, and further modified on March 27, 2024, securing the Note, with all of Borrower's assets, accounts, and other rights to payment and equipment, amongst other things (collectively, the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as Composite **Exhibit "E."**

13. On March 24, 2022, Plaintiff filed a UCC Financing Statement with Document Number 202200942972 ("UCC-1" or "Collateral"). A true and correct copy of the UCC-1 is attached hereto as **Exhibit "F."**

---

[2] The Original Note, Amended and Restated Note, and the Modified Note shall collectively be referred herein as the "Note". The Note, Security Agreement, Loan Agreement, and UCC-1 shall be collectively referred herein as "Loan Documents".

14. On January 10, 2024, Defendant, Sharma, executed and delivered to Plaintiff a Commercial Guaranty ("Sharma's Guaranty") in connection with the obligations of Defendant, Forensic Stat Laboratory, under the Loan Documents. A copy of Sharma's Guaranty is attached hereto as **Exhibit "G."**

15. On January 10, 2024, Defendant, Gasparini, executed and delivered to Plaintiff a Commercial Guaranty ("Gasparini's Guaranty") in connection with the obligations of Defendant, Forensic Stat Laboratory, under the Loan Documents. A copy of Gasparini's Guaranty is attached hereto as **Exhibit "H."**

16. On October 30, 2024, Plaintiff sent Defendants a Notice of Default ("Notice"), outlining various events of default under the Loan Documents. A copy of the Notice of Default is attached hereto as **Exhibit "I."**

17. All conditions precedent to this action have been performed, satisfied, or otherwise waived.

## COUNT I - BREACH OF NOTE FOR LINE OF CREDIT ENDING IN NO. 4137 (against Forensic Stat Laboratory)

18. Plaintiff realleges and re-incorporates paragraphs 1 through 17 as if fully set forth herein.

19. UBank holds the Note.

20. Borrower breached the Note by failing to pay Plaintiff the payments of principal, interest, and late fees on July 15, 2024, and each payment date thereafter.

21. Borrower currently owes Plaintiff a sum no less than $2,196,250.36 that is due with default interest and fees, plus attorneys' costs and fees, which sum continues to accrue.

22. Upon information and belief, Borrower further breached the Note by participating in a merger or consolidation with a third party outside of the ordinary course of its business.

23. Upon information and belief, Borrower further breached the Note by using loan proceeds to acquire the Hospital (as defined below).

24. Borrower further breached the Note by suffering a material adverse change in its existing financial condition.

25. To date, Borrower has failed to cure any defaults and has failed to pay the full amount due under the Loan Documents.

26. Plaintiff has been required to retain the services of the undersigned to enforce the terms of the Note, and pursuant to the Note, Defendant is required to pay Plaintiff's attorney's fees and costs.

**WHEREFORE**, Plaintiff, UBank, demands judgment against Defendant, Forensic Stat Laboratory, for damages totaling $2,196,250.36, plus interest at default rate, attorneys' fees and costs, and granting such further relief as the Court deems just and proper.

**COUNT II - BREACH OF SECURITY AGREEMENT FOR LINE OF CREDIT ENDING IN NO. 4137**
**(against Forensic Stat Laboratory)**

27. Plaintiff realleges and re-incorporates paragraphs 1 through 17 as if fully set forth herein.

28. Plaintiff owns and holds the Security Agreement.

29. The Security Agreement obligates Defendant to pay to Lender any sum or sums due or which may become due on the Loan Documents secured by the Security Agreement.

30. Forensic Stat defaulted on its obligations under the Security Agreement.

31. The amount owed by Forensic Stat to Plaintiff under the Note is likewise due under the aforementioned Security Agreement. Plaintiff holds a first lien on the Collateral as security for this obligation, and Forensic Stat's interest is subject to Plaintiff's first lien.

**WHEREFORE**, Plaintiff, UBank, demands judgment against Defendant, Forensic Lab Laboratory, as follows: (a) that the Court take jurisdiction of this action, the parties, and the Collateral; (b) that the Court determine the amount due and payable to the Plaintiff, UBank, from the Defendant, Forensic Stat Laboratory, including without limitation principal, interest, advances, late fees, and attorneys' fees and costs pursuant to the Note, Security Agreement, and Loan Documents; (c) that the amount found to be due be declared by the Court to be a first lien of the Plaintiff, UBank, is superior to any and all right, title, or interest of the Defendant or any person or parties claiming by, through or under them since the institution of this suit; (d) that the Court order that the Collateral be turned over to UBank for liquidation in a commercially reasonable manner, and any amounts realized by the liquidation of the Collateral be set off from the amount due in accordance with the rules and established practice of the Court; and (e) such other relief as this Court deems just and proper, including, but not limited to, a deficiency judgment if the proceeds of the liquidation of the Collateral are insufficient to pay Plaintiff's claim.

**COUNT III - BREACH OF GUARANTY**
**(against Madhukar Sharma)**

32. Plaintiff realleges and re-incorporates paragraphs 1 through 17 as if fully set forth herein.

33. Plaintiff is the holder of Sharma's Guaranty.

34. In reliance upon Sharma's Guaranty, Plaintiff extended credit to Borrower and in consideration of the benefits accrued, Sharma unconditionally guaranteed: (a) payment to Lender

on demand of any and all indebtedness of Borrower as may be owed to Lender; and (b) due performance under the Loan Documents, amongst other things.

35. Forensic Stat Laboratory defaulted on the Loan Documents by committing the following events of default: (1) failing to make the full payment of principal and interest due on July 15, 2024, and each month thereafter; (2) violating the terms of the Note and Loan Agreement as outlined in the Notice; and (3) violating its obligations under the Security Agreement.

36. Sharma breached Sharma's Guaranty by failing to pay the amounts due and owing to Lender.

37. Lender has been damaged as a result of the breaches of Sharma's Guaranty by Sharma.

38. As such, Sharma, as guarantor, owes Plaintiff, UBank, an amount no less than $2,196,250.36 plus all accrued interest, applicable late charges, filing fees, attorneys' fees and costs, and all other charges and fees.

**WHEREFORE**, Plaintiff, UBank, demands judgment against Defendant, Sharma, for damages totaling $2,196,250.36, plus interest at default rate, attorneys' fees and costs, and granting such further relief as the Court deems just and proper.

**COUNT IV - BREACH OF GUARANTY**
**(against Giancarlo Gasparini)**

39. Plaintiff realleges and re-incorporates paragraphs 1 through 17 as if fully set forth herein.

40. Plaintiff is the holder of Gasparini's Guaranty.

41. Plaintiff extended credit to Borrower and in consideration of the benefits accrued, Gasparini unconditionally guaranteed: (a) payment to Lender on demand of any and all

indebtedness of Borrower as may be owed to Lender; and (b) due performance under the Loan Documents, amongst other things.

42. Forensic Stat Laboratory defaulted on the Note and the Security Agreement by committing the following Events of Default: (1) failing to make the full payment of principal and interest due on July 15, 2024, and each month thereafter; (2) violating the terms of the Note and Loan Agreement as outlined in the Notice; and (3) violating its obligations under the Security Agreement.

43. Gasparini breached Gasparini's Guaranty by failing to pay the amounts due and owing to Lender.

44. Lender has been damaged as a result of the breaches of Gasparini's Guaranty by Gasparini.

45. As such, Gasparini, as guarantor, owes Plaintiff, UBank, an amount no less than $2,196,250.36 plus all accrued interest, applicable late charges, filing fees, attorneys' fees and costs, and all other charges and fees.

**WHEREFORE**, Plaintiff, UBank, demands judgment against Defendant Gasparini, for damages totaling $2,196,250.36, plus interest at default rate, attorneys' fees and costs, and granting such further relief as the Court deems just and proper.

**COUNT V – FRAUDULENT TRANSFER OF COLLATERAL**
**(against Forensic Stat Lab, Gasparini, and Sharma)**

46. Plaintiff realleges and re-incorporates paragraphs 1 through 17 as if fully set forth herein.

47. This is an action for fraudulent transfer pursuant to the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101 et seq.

48. Plaintiff holds a perfected security interest in Collateral granted by Forensic Stat to secure the loan ending in 4137, evidenced by the Security Agreement and the UCC-1.

49. Plaintiff holds a first lien on this Collateral.

50. Upon information and belief, Defendant Sharma obtained ownership of Valley Community Hospital, a hospital located at 100 Valley Dr, Pauls Valley, OK 73075 (the "Hospital"), in April of 2022, through his acquisition of Southern Plains Medical Center of Garvin County, LLC.

51. Upon information and belief, Defendant Sharma is the sole owner and member of Southern Plains Medical Center of Garvin County. LLC, and is the current owner of the Hospital.

52. Upon information and belief, the Hospital has closed indefinitely.

53. Upon information and belief, Forensic Stat, Gasparini, and Sharma engaged in a scheme to remove, substitute, or otherwise transfer the collateral that secured Forensic Stat's loan with Plaintiff, without substituting reasonably equivalent value and while Forensic Stat, Sharma, and/or Gasparini became insolvent or financially distressed.

54. Upon information and belief, the Collateral originally pledged to Plaintiff was illicitly swapped, transferred, or diverted to secure other loans related to the Hospital.

55. Moreover, upon information and belief, some, if not all, of the funds associated with Forensic Stat's loan with Plaintiff were used to purchase the Hospital, in direct contravention of the Loan Documents.

56. As a direct and proximate result of the fraudulent transfer of the Collateral, Plaintiff's security interest has been impaired, diminished, or rendered worthless, causing Plaintiff significant financial damages.

**WHEREFORE**, Plaintiff, UBank, demands judgment against Defendants, Forensic Stat Laboratory, Sharma, and Gasparini, including (i) injunctive relief in nullifying the fraudulent transfer's effect and restoring Plaintiff's security interest in the original collateral or its equivalent value; (ii) authorizing attachment or a levy of execution upon the assets fraudulently transferred, or the proceeds thereof, to satisfy Defendant's outstanding indebtedness to Plaintiff; (iii) authorizing an injunction against any further transfers; and (iv) granting such further relief as the Court deems just and proper.

**COUNT VI – FORECLOSURE AND/OR REPLEVIN OF PERSONAL PROPERTY (against Forensic Stat Lab)**

57. Plaintiff realleges and re-incorporates paragraphs 1 through 17 as if fully set forth herein.

58. This is an action against the Borrower to recover possession of the Collateral/personal property, to which the Bank is authorized pursuant to the Loan Documents, and Florida Statutes §679 to liquidate in order to satisfy the full amount of the obligations under the Loan Documents.

59. Initial process filed herewith reflects or will reflect that a writ of replevin is sought based upon Plaintiff's submissions to this Complaint intended to satisfy the terms of Florida Statutes § 78.068 and other applicable law.

60. This cause is properly brought before this Court pursuant to Florida Statutes §78.032, and other applicable law.

61. Pursuant to Florida Statutes § 78.055, the statutory predicates for issuance of a writ of replevin are as follows:

a. the personal property/Collateral is that described in the Loan Documents, in particular, the UCC-1 and the Security Agreement;


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Ste. 510, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

b. the Loan Documents are enforceable pursuant to Florida Statutes § 679, and provide the basis for Lender's statutory rights, based upon the default status of the obligations;

c. the personal property/Collateral is valued at less than the total of the obligations, and the Lender is prepared to post a bond in the appropriate amount as condition precedent to the granting of pre-judgment relief as sought herein;

d. upon information and relief, the personal property/Collateral is wrongfully detained by the Borrower and Guarantors, who have continued to retain possession of the personal property following events of default;

e. the personal property/Collateral has not been taken for any tax, assessment, or fine pursuant to law; and

f. the personal property/Collateral has not been taken under any execution or attachment against the Borrower and/or the Borrower's property.

62. Upon information and belief, the personal property/Collateral is not subject to any senior claims or interests of any other third party and any such interest would be junior and inferior to the claims and liens of Plaintiff, and should therefore be foreclosed. The Borrower holds title to the personal property/Collateral, and may claim some residual interest in this regard.

**WHEREFORE**, UBank requests judgment against Forensic Stat, for replevin or judicial foreclosure of its lien upon the personal Property/Collateral pursuant to the Loan Documents as follows:

a. The Court shall issue Writs of Replevin to the U.S. Marshalls and/or Sheriffs of this jurisdiction, or any other jurisdiction in the State of Florida where the Collateral may be located, so that Plaintiff can repossess the Collateral and place such Collateral in its possession;

b. The Clerk of this Court shall initially issue Writs of Replevin directing all U.S. Marshalls and/or Sheriffs in the state of Florida to forthwith replevy from Borrower that certain Collateral described in **Exhibit "J"** attached hereto, located at 8849 Canterbury Cove Court, Jacksonville, Florida 32256, and to deliver Collateral to Plaintiff upon posting a bond with the Clerk of Court in the amount of $1,428,162;

c. The Clerk is further directed that it shall issue any alias or pluries Writs of Replevin without the necessity of further Court order as may be necessary until such time as the Plaintiff is put into possession of all of its Collateral herein described;

d. If the Collateral is not at the location described or listed above, the Borrower is hereby required to disclose to the Sheriff the location of all the Collateral;

e. The Court acknowledges that the description of the Collateral as set forth in **Exhibit "J"** attached hereto, is sufficient and each Sheriff is directed to replevy each type of property as described in the Order and the Writ issued pursuant hereto; and

f. That the Court retain jurisdiction for the issuance of such further Orders and other relief as this Court should deem appropriate under the circumstances.

**CLAIM FOR ATTORNEY'S FEES AND COSTS**

UBank has been required to retain the services of EPGD Attorneys at Law, P.A. to represent it in this action and is required to pay a reasonable fee for these legal services. UBank is entitled to an award of attorneys' fees and costs pursuant to the Loan Documents which are the subject of the various claims and which are attached hereto as exhibits.

Dated: June 6, 2025.

Respectfully submitted,

**EPGD ATTORNEYS AT LAW, P.A.**
*Attorneys for UBank*
777 SW 37th Ave. Ste. 510
Miami, FL 33135
T: (786) 837-6787
F: (305) 718-0687
sarah@epgdlaw.com

BY: /s/ *Sarah Denis*
Sarah Denis, Esq.
Florida Bar No.: 1010695

**VERIFICATION**

STATE OF Texas )
)
COUNTY OF Angelina )

BEFORE ME, the undersigned authority, a notary public, duly commissioned and qualified within and for __________________, ______________________, personally appeared Austin Bell, the Market President for UBank, who having been duly sworn states that the facts contained in the foregoing Complaint are true and correct.

______________________________
Sign

Austin Bell
Print Name

STATE OF __________
COUNTY OF __________

BEFORE ME, the undersigned authority, this ______day of __________, 2025, personally appeared ____________________, who after being duly sworn, states that that the facts contained in the foregoing Intervening Complaint are true and correct.

______________________________
Notary Public My Commission Expires: 12.12.25
Name (Printed or Stamped):

LAURA E FERGUSON
Notary Public
State of Texas
ID # 13138013-8
My Comm. Expires 12-12-2025



**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Ste. 510, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com