**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22594-BLOOM/Elfenbein**

UBANK,

Plaintiff,

v.

FORENSIC STAT LABORATORY INC.,
MADHUKAR SHARMA, and GIANCARLO
GASPARINI,

Defendants.
___________________________________/

**ORDER ON EX PARTE TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINTS**

**THIS CAUSE** is before the Court upon Plaintiff UBank's ("UBank") *Ex Parte* Motion to Commence Proceedings Supplementary and For Leave to File Supplemental Complaint, ECF No. [95], ("Motion"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On May 26, 2026, Plaintiff obtained a final judgment against Defendants Forensic Stat Laboratory Inc. ("Forensic"), Giancarlo Gasparini ("Giancarlo"), and Madhukar Sharma ("Sharma") (together, "Defendants"). ECF No. [52]. That final judgment of (i) the accelerated balance remaining on the Note of $1,931,584.18, (ii) accrued interest in the amount of $345,545.71 as of April 21, 2026 and continuing to accrue at a rate of $536.5512 per day until the date of judgment, (iii) late fees of $37,398.30, (iv) an appraisal fee in the amount of $6,250.00, and (v) attorneys' fees and taxable and nontaxable costs of $264,803.86 remains unsatisfied. ECF No. [95] ¶ 20. In fact, even after obtaining writs of execution, no amount has been recovered on the judgment, and the execution remains valid and outstanding. *Id*.

UBank contends the reason it has not been able to recover from Forensic and Giancarlo is because both have "acted to defraud, hinder, and delay UBank." *Id.* ¶ 7. Specifically, as to Giancarlo, UBank represents that in 2021, Giancarlo's personal financial statement provided to UBank reflected that he held a 20% ownership interest in Euro Exchange Corporation of which such interest was worth millions of dollars, as well as $500,000 in automobile assets and $100,000 in jewelry. *Id.* ¶ 8. Giancarlo transferred his shares in Euro Exchange Corporation to his father, Luis Gasparini, Sr. ("Luis"). *Id.* In December 2024—after receiving UBank's Notice of default dated October 30, 2024—Giancarlo transferred approximately four Cartier and Rolex watches worth at least $100,000 to Luis, for less than reasonably equivalent value. *Id.* Also in December 2024, Giancarlo transferred a Ferrari 812 Superfast and a Ferrari SF90, collectively valued at least $500,000, to GG16 LLC ("GG16"), a Montana limited liability company, while maintaining possession and control of each. As to Forensic, between April 1, 2022 and October 31, 2022, Forensic transferred $289,000 to Cration LLC ("Cration"), a Florida limited liability company whose sole member is Giancarlo. *Id.* ¶¶ 12, 13. In light of the circumstances, UBank argues that it is entitled to commence proceedings supplementary and to file supplementary complaints. *See generally id*. Specifically, UBank contends it is entitled to bring fraudulent transfer claims under Chapter 726, via Florida Statute § 56.29(9), against Cration, GG16, and (together, the "Third-Party Defendants") and Defendants Forensic and Giancarlo and to commence proceedings supplementary.

Pursuant to Federal Rule 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . .." Fed. R. Civ. P. 69(a). In Florida, the procedure for supplementary, post-judgment proceedings is governed by Fla. Stat. § 56.29. Subsection (1) of Fla. Stat. § 56.29 provides that

> [w]hen any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1). A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied. *See* Fla. Stat. § 56.29(1); *B&I Contractors, Inc. v. Mel Re Const. Mgmt.*, 66 So.3d 1035, 1037 (Fla. 2d DCA 2011); *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997).

Here, UBank has demonstrated that it holds an unsatisfied writ of execution against Defendants and has submitted a sufficient affidavit averring that the writ is valid and unsatisfied. ECF Nos. [95-3]. Thus, UBank has satisfied the statutory prerequisites of § 56.29(1) and is entitled to the commencement of proceedings supplementary. *See Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (the district court has ancillary jurisdiction to entertain proceedings supplementary and no discretion to deny the motion if the required statutory showing is made); *see also Longo*, 236 So. 3d at 1119 (same).

The Court turns now to UBank's second request—to file supplemental complaints pursuant to Florida Statute § 56.29(9) against Luis, Giancarlo, and GG16, as well as Cration, Forensic, and Giancarlo. Florida Statute § 56.29(9) provides that the Court "may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 brought under this section shall be initiated by a supplemental complaint and served as provided by the rules of civil

procedure, and the claims under the supplemental complaint are subject to chapter 726 and the rules of civil procedure."

"A judgment creditor may file suit against the alleged transferee in a separate action based in chapter 726. The procedure permitted under section 56.29(9) provides the administrative convenience of having the same judge, who is familiar with the underlying facts, also consider and rule on the fraudulent transfer action." *In re Brit. Am. Ins. Co. Ltd.*, 607 B.R. 753, 759 (Bankr. S.D. Fla. 2019).

UBank has satisfied the statutory prerequisites of § 56.29(9). In the Motion, UBank sufficiently attaches two proposed supplemental complaints against Cration, GG16, and Luis, seeking claims under Chapter 726.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. UBank's Motion, **ECF No. [95]**, is **GRANTED**.
2. UBank is permitted to initiate the supplemental complaints attached to the Motion, ECF Nos. [95-4] and [95-5], which shall be deemed filed as of the date herein.
3. The Clerk of Court is directed to docket the supplemental complaints under the same case number assigned to the original complaint filed by UBank, ECF No. [1].
4. UBank is directed to file proposed summonses. The Clerk of Court is directed to issue summonses to Cration LLC, GG16 LLC, and Luis Gasparini, Sr. as provided by the Federal Rules of Civil Procedure.
5. UBank is directed to serve Cration LLC, GG16 LLC, and Luis Gasparini, Sr. as provided by the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 2, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record