**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22594-BLOOM**

UBANK,

Plaintiff,

v.

GIANCARLO GASPARINI, GG16 LLC,
and LUIS GASPARINI, SR.,

Defendants.
_________________________________________/

**ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON THIRD-PARTY DEFENDANT, LUIS GASPARINI, SR.**

**THIS CAUSE** is before the Court upon Plaintiff UBank's ("Plaintiff") *Ex Parte* Motion for Order Authorizing Alternate Service of Process Pursuant to Federal Rule of Civil Procedure 4(f)(3) on Third-Party Defendant, Luis Gasparini, Sr., or, in the alternative, Motion for Extension of Time to Effectuate Service of Process, ECF No. [130] ("Motion"). The Court has considered the Motion, the supporting exhibits, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

Rule 4(f)(3) allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement, and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 91 6, 921, 927 (11th Cir. 2003))); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir.

2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court. Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods for service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007). Alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Apple Corps Ltd. v. Awesome Covers Store*, No. 18-CV-61524-BB, 2018 WL 10581387, at *1 (S.D. Fla. July 10, 2018).

Plaintiff contends that Luis Gasparini, Sr. is currently located in Paris, France. Service by e-mail is not prohibited under international agreement in this case. ECF No. [130] ¶ 12. Although France is signatory to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Hague Convention does not specifically preclude service of process via e-mail. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of

service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Karsten Mfg. Corp. v. Store*, No. 18-61624-CIV, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (citation omitted). Further, as Plaintiff has been unable to identify a valid address for service of process upon Third-Party Defendant, Luis Gasparini, Sr., according to Article 1 of the Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." *See* Hague Convention, Art. 1, 20 U.S.T. 361 (1969). Accordingly, service by e-mail does not violate an international agreement. Therefore, the Court finds that Plaintiff has shown good cause for leave to allow service of the Summons, Supplemental Complaint, and all future filings in this matter upon Third-Party Defendant, Luis Gasparini, Sr. via e-mail at luisgasp@aol.com.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [130]**, is **GRANTED**.
2. Plaintiff may serve Third-Party Defendant, Luis Gasparini, Sr. via e-mail at luisgasp@aol.com. Plaintiff shall file proof of service within seven (7) days of effecting service upon Third-Party Defendant, Luis Gasparini, Sr.
3. In addition, Plaintiff shall have an additional ninety (90) days from the date of this Order to effectuate service of process on Third-Party Defendant, Luis Gasparini, Sr.

**DONE AND ORDERED** in Chambers at Miami, Florida on October 15, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record