**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22594-BLOOM**

UBANK,

Plaintiff,

v.

FORENSIC STAT LABORATORY, INC.,
GIANCARLO GASPARINI,
and CRATION, LLC,

Defendants.
______________________________________/

**ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS FORENSIC STAT LABORATORY, INC., GIANCARLO GASPARINI, AND CRATION, LLC**

**THIS CAUSE** is before the Court upon Plaintiff UBank's ("Plaintiff") Motion for Entry of Default Final Judgment against Third Party Defendants Forensic Stat Laboratory, Inc. ("Forensic"), Giancarlo Gasparini ("Giancarlo"), and Cration, LLC ("Cration"), ECF No. [147] ("Motion"). The Court has considered the Motion, the supporting exhibits, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

On August 2, 2026, Plaintiff filed its Complaint in Proceedings Supplementary against Forensic, Giancarlo, and Cration to avoid and recover fraudulent transfers of property pursuant to Chapter 726 and section 56.29, Florida Statutes (the "Complaint"). ECF No. [98]. Plaintiff served Cration on September 8, 2026. ECF No. [122]. The deadline for Cration to respond to the Complaint was September 29, 2026, and it failed to file any response. On October 13, 2026, Plaintiff filed its Motion for Clerk's Entry of Default Against Defendant Cration, LLC. ECF No. [123]. The Clerk entered a Clerk's Default as to Defendant Cration on October 13, 2026. ECF No.

[126]. On October 19, 2026, Plaintiff filed a Motion for Clerk Default against Giancarlo and Forensic, respectively, to which the Clerk entered on October 20, 2026. ECF No. [142]. Plaintiff now moves for default final judgment against these three Defendants.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). A default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *see also Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006) (default judgment is within district court's discretion).

A defendant's "failure to appear and the Clerk's subsequent entry of default against [him] do[es] not automatically entitle plaintiffs to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted).

In issuing a default judgment, a court may award damages "without a hearing [if] the amount claimed is a liquidated sum or one capable of mathematical calculation," so long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).

## III. DISCUSSION

### A. Jurisdiction and Venue

Federal Rule of Civil Procedure 69(a) adopts Florida's procedure for proceedings supplementary, and Section 56.29(9), Fla. Stat., authorizes the Court to "entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee." Fla. Stat. § 56.29(9). The Court has jurisdiction over the claims both as ancillary to the Final Judgment and under 28 U.S.C. § 1332. *See Nat'l Maritime Servs., Inc. v. Straub*, 776 F.3d 783, 786-87 (11th Cir. 2015) (holding that district court had ancillary jurisdiction over proceedings supplementary seeking to void fraudulent transfers of judgment debtor's assets, where relief was limited to the transferred assets rather than imposing liability for the underlying judgment). Venue is proper in this District because this action is ancillary to the underlying lawsuit, Giancarlo is a resident of the Southern District of Florida, and a substantial part of the events giving rise to the claims occurred within the Southern District of Florida.

### B. Fraudulent Transfer

Count I of the Complaint seeks to avoid and recover fraudulent transfers under § 726.105(1)(a). *See* ECF No. [98] ¶¶ 28–37. To recover fraudulent transfers, a plaintiff must allege "(1) there was a creditor sought to be defrauded, (2) a debtor intending fraud, and (3) a conveyance

of property which could have been available to satisfy the debt." *Pearlman v. Alexis*, 2009 WL 3161830, at *4 (S.D. Fla. Sept. 25, 2009) (cleaned up and citing *Nationsbank, N.A. v. Coastal Utils. Inc.*, 814 So.2d 1227, 1229 (Fla. 4th DCA 2002)).

Section 726.105(1)(a), Florida Statutes, provides that "a transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."

Section 726.109(2), Florida Statutes, provides that "to the extent a transfer is voidable in an action by a creditor under s. 726.108(1)(a), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's claim, whichever is less." *See Myers v. Brook,* 708 So.2d 607, 610 n. 1 (Fla. 2d DCA 1998) (noting that "section 726.109(2)(a), Florida Statutes ([2026]) permits a money judgment to be entered against the first transferee of the fraudulently conveyed assets").

By virtue of the clerk's defaults entered against Cration, Giancarlo, and Forensic, the well-pled factual allegations of the Complaint are deemed admitted and taken as true as a matter of law. Specifically, as to Count I, the Defendants have admitted that UBank is a creditor, ECF No. [98] ¶ 31; that Forensic made the Transfer to Cration, *id.* ¶¶ 17 and 32; that Giancarlo, an owner of Forensic, is Cration's sole member, *id.* ¶¶ 13, 33; that, at the time of the Transfer, Forensic and Giancarlo were indebted to UBank. *id.* ¶ 25; that the Transfer was made with the actual intent to hinder, delay, or defraud UBank. *id.* ¶¶ 24 and 36; that Defendant Cration received $289,000 from Forensic, *id.* ¶ 17; and that the Transfer is avoidable, *id.* ¶¶ 30 and 37.

In determining actual intent, the Court may consider, among other factors, whether the transfer was to an insider and whether the transfer occurred shortly before or shortly after a

substantial debt was incurred. *See* Fla. Stat. § 726.105(2)(a), (j); *see also* Fla. Stat. § 726.102 (defining "insider").

Here, the admitted facts establish these badges of fraud. The Transfer was made to Cration, an entity whose sole member, Giancarlo, is an owner of the transferor, Forensic, and a guarantor of the Loan. ECF No. [98] ¶¶ 13, 15, and 33.

The Transfer began on April 1, 2022, less than one month after Forensic incurred the $2,000,000.00 Loan on March 10, 2022, and continued through October 31, 2022. *Id.* ¶¶ 14, 17. The Transfer was made while UBank held a first position lien on all of Forensic's business assets, including its accounts receivable and related accounts, and with Giancarlo's knowledge of Plaintiff's claim. *Id.* ¶¶ 16, 35.

Taken together, these unrebutted factual allegations sufficiently demonstrate that Defendant Cration received fraudulent transfers from Forensic, and default final judgment is therefore warranted.

**C. Damages**

A creditor may recover judgment against the first transferee for the value of the asset transferred or the amount necessary to satisfy the creditor's claim, whichever is less. Fla. Stat. § 726.109(2). Because the amount owed on the Final Judgment is $2,604,361.34 as of May 26, 2026 exceeds the $289,000 Transfer alleged in the Complaint, Cration is liable to Plaintiff for $289,000. Fla. Stat. ¶¶ 17, 19. The amount of Cration's liability is established by its default as the amount of the money judgment against Cration is a certain sum. *See* ECF No. [147-2]. There is no dispute as to the damages amount of the final judgment as set forth in the Declaration and as demonstrated in the transfer summaries.

Given Defendants' defaults, this affidavit is sufficient to establish damages. *See Adolph*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."). Accordingly, the Court awards Plaintiff damages for Count I against Defendant Cration LLC. As to Defendants Forensic and Giancarlo, the Court enters default final judgment as to liability on Count I only. As to Defendants Forensic and Giancarlo, Plaintiff is entitled to its attorneys' fees and costs pursuant to section 56.29(8).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [147]**, is **GRANTED**.
2. Plaintiff is awarded the following damages on Count I of the Complaint: $289,000 against Third-Party Defendant Cration LLC.
3. **On or before November 3, 2026**, Plaintiff shall file an appropriate motion and supporting affidavits reflecting the amount of fees to be awarded. Following this, pursuant to Federal Rule of Civil Procedure 58, judgment will be entered in accordance with the foregoing by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida on October 22, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record